**MELLON NATIONAL BANK & TRUST COMPANY, Executor of the Estate of Jacob Casale, Deceased, et al.**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY et al.**

Civ. A. No. 62–245.

United States District Court
W. D. Pennsylvania.

Dec. 4, 1962.

John M. Feeney (of McArdle, Harrington & McLaughlin), Pittsburgh, Pa., for

Mellon Nat. Bank & Trust Co., executor of the estate of Jacob Casale, deceased, Emily Peternal and Joseph Peternal, her husband, Belva Ross and J. William Ross, her husband, J. William Ross, administrator of the estate of Cheryl Faye Ross, deceased, Edmund Whiteman, administrator of the estate of Dora Whiteman, deceased.

Frederick N. Egler (of Reed & Egler), Pittsburgh, Pa., for Kenneth F. Fries and Janice A. Fries, his wife, Hardward Dealers Mut. Ins. Co., Old Colony Ins. Co., Phoenix Ins. Co., Dubuque Fire & Marine Ins. Co., Hartford Fire Ins. Co., Northern Ins. Co., Northwestern Nat. Ins. Co., Hartford Mut. Ins. Co., St. Paul Fire & Marine Ins. Co.

Russell J. Butler, Jr. (of Weis & Weis), Pittsburgh, Pa., for Nationwide Mut. Ins. Co.

Theodore Struk (of Dickie, McCamey, Chilcote & Robinson), Pittsburgh, Pa., for American Fidelity & Casualty Co., Inc., Market Service, Inc., a/k/a Markel Service, a corporation.

Thomas Lewis Jones, White & Jones, Pittsburgh, Pa., for Underwriters at Lloyds, London, and/or Insurance Companies.

ROSENBERG, District Judge.

There are four defendants in this case. Two of these, American Fidelity & Casualty Company, Inc., and Market Service, Inc., a/k/a Markel Service by their attorneys moved this Court to permit untimely filing of motions to dismiss the complaint. That motion supported by an opinion was refused. A second motion was filed to reconsider the previous decision dismissing the motion for untimely filing. At the argument on the motion for reconsideration, it appeared from the discussions of counsel that while there may have been some misunderstanding on whether the continuance granted by counsel for the plaintiffs to counsel for the defendants was for the filing of an answer only, counsel for the plaintiffs, nevertheless, denied any right in the defendant to file a delayed motion to dismiss; however, they say they did and still do consent to the filing of an answer.

Defendants argue in their brief for reconsideration that they must now be allowed the opportunity of filing the motion to dismiss or else be foreclosed in the future from all rights for summary judgment on the pleadings, because the answer may raise issues of fact. Assuming *arguendo* that the defendants' motion should be given consideration, it must be predicated on the assumption that the plaintiffs' complaint avers no facts to support the claims upon which an issue could be framed for the recovery of those claims. But the argument of the defendants here precludes that assumption and infers there may be or are facts which support legal claims. They thus concede that the complaint does have or may have a factual basis, and that the complaint merits or may merit an answer which would raise factual issues. If this is so, there is no reason why the defendants should not be required to file an answer. The defendants' argument then very well presents the answer to their own motion. In any event, since the defendants seek, as they assert in the conclusion of their brief at Page 4, to raise the insufficiency of the plaintiffs' complaint, an opinion herewith filed in a companion motion made by a co-defendant, Lloyds, may lend advice to these defendants.

The defendants also question the right to raise any legal deficiency in the complaint after they file an answer. Any questions of law existing after an answer is filed may, despite issues of fact, be raised in proper motions under Federal Rules of Civil Procedure Nos. 12 or 56, and be resolved before trial if law should be so lacking to the support of the plaintiff's factual case as to preclude any cause of action, and if the law should point in favor of the defendants. Alco Kar Kurb, Inc. v. Ager, D.C., 181 F.Supp. 97

(1960); McKnight v. N. M. Paterson & Sons, Limited, 6 Cir., 286 F.2d 250, 251 (1961).

The motion for reconsideration is therefore refused.