148

The **BALTIMORE AND OHIO RAIL-ROAD COMPANY**, a corporation, Plaintiff,

v.

**AMERICAN FIDELITY & CASUALTY COMPANY**, Inc., a corporation, Markel Service, Inc., a corporation, and Underwriters at Lloyds, London, and/or Insurance Companies, Defendants.

Civ. A. No. 63597.

United States District Court
W. D. Pennsylvania.

Nov. 1, 1963.

Mercer & Buckley, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., White, Jones & Gregg, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

One of the defendants in this action, Underwriters at Lloyds, London and/or Insurance Companies (Lloyds) has filed a "Motion to Dismiss" the complaint filed by the plaintiff in the above entitled case because (1) the action is based upon a contract to which the plaintiff had no privity, and (2) the plaintiff alleged no negligence on the part of the defendant.

There are three defendants cited in this case, but the first count relates only to Lloyds and so the defendant's motion will be considered in the light of the averments as contained in the first count.

In this count, the plaintiff avers that Turner Transfer, Inc., carried property damage insurance with Lloyds to the extent of $90,000 and that under the terms of its contract of insurance Lloyds is responsible for the satisfaction of

this plaintiff's judgment. The complaint avers, among other things, that Turner Transfer, Inc., was involved in an accident in the Borough of West Newton, Westmoreland County, Pennsylvania, resulting in extensive loss of life, personal injuries and property damage, and that because of this a verdict among others was rendered for the Baltimore & Ohio Railroad Company and against Turner and other defendants amounting to property damage judgments in the sum of $111,120.52. A $10,000 partial satisfaction left the remainder balance due in the sum of $101,120.52.

In its brief at page 2, in support of its motion and arguments made thereon, the defendant states:

"On or about November 1, 1954, Turner Transfer, Inc., entered into two contracts of excess public liability insurance with the Underwriters of Lloyds of London. Under the terms of the said policies the Underwriters agreed to indemnify Turner Transfer upon the happening of certain events and upon the performance of certain conditions by Turner Transfer, Inc. No one other than the Underwriters and Turner Transfer, Inc., was a party or a beneficiary to these contracts of insurance * * *

"The contracts of insurance to which the plaintiff refers are the ones entered into on November 1, 1954, between Turner Transfer and the Underwriters of Lloyds. Nowhere in those policies does it set forth that the plaintiffs herein or any one of them is a party to the contract or a beneficiary thereunder."

With this added information as now presented in its brief, Lloyds argues that not only was there no privity of contract between the plaintiff and Lloyds, but that also the plaintiff "railroad company has no rights under the contracts of insurance in question because it was not contemplated by the defendant at the time of the execution of the contracts that the railroad would be a beneficiary".

Following through, Lloyds adds at page 4:

"It may well be that the plaintiffs herein are the third persons to whom the insurer agreed to pay money, but such agreement was made for the benefit and in relief of Turner Transfer, Inc., the other party to the agreement, and thus the plaintiffs herein obtained no rights under these contracts."

Lloyds also maintains that the contracts of insurance in question are contracts of indemnity for the benefit of the insured and cites the first paragraph of the contract to prove this contention.

Without the additional information contained in Lloyds' brief, the defendant could not support any argument on its motion. When the complaint is viewed as a whole, there appears to be no averments of facts which would indicate this. We have here then the mechanics of supplying the information missing in the complaint and needed to support Lloyds' contention by setting forth such information in a brief.

Federal Rule of Civil Procedure No. 56(b) provides as follows:

"A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Subparagraph (e) of the same Rule[1] sets forth the character of any affidavit required. It is only upon such basic supports that summary judgment may be rendered. Lloyds' brief certainly does not comply with the requirements of this rule, and accordingly, no summary judgment may be granted thereunder.

■ Under 12(b) a defendant may file a motion and raise certain defenses among which to dismiss a complaint, is the right to file a motion for "(6) failure to state a claim upon which relief can be granted". Unlike subsection (c)[2] of this Rule, there is no contemplation of supporting facts other than that which would bring it into the provisions which govern under Rule 56, as a motion for summary judgment. The pertinent part of Rule 12(b) states:

> "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The words "matters outside the pleading * * * not excluded by the court" and "the material made pertinent to such a motion by Rule 56" refer to affidavits as is provided by that rule, but not to briefs of counsel. So that, while addi-

tional information in a brief may indicate to a court that a defendant has an affirmative defense, it also informs the court that an answer ought to be filed if the information contained in the brief is correct. But such information so presented cannot be adapted as a device to defeat the claim in the complaint. Mellon National Bank et al. v. Nationwide Mutual Insurance Company et al., D.C., 32 F.R.D. 365.

Disregarding then all factual information supplied by counsel for Lloyds in its brief, but viewing the complaint in the light of Lloyds' arguments and authority as contained in the brief, we examine the complaint for its own merits and vitality.

■ Paragraph 10 of the complaint states that at the date of the accident at the time of entry of judgment and prior thereto, Turner Transfer, Inc., carried property damage insurance with Lloyds of London for two policies, one in the sum of $40,000 and another in the sum of $50,000, and that when demand was made on counsel for Lloyds requesting it to pay its coverage of Turner Transfer, Inc., its counsel advised that they were denying coverage and refusing to pay.

In the same paragraph of the complaint, the plaintiff also states that it did not have possession of copies of insurance policies covering the property damage. Under paragraph 12 of the complaint it states that under the terms of contracts of insurance Lloyds is responsible for the satisfaction of its judgment. This

---

1. Federal Rule of Civil Procedure 56(e): "Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

2. Federal Rule of Civil Procedure 12(c): "Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

is the case upon which the complaint rests and as such there is sufficient claim made here which would require an answer. The granting of a motion to dismiss a complaint is in effect a final judgment.

■ A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which would be proved in support of its claim. Grafe-Weeks Corp. v. Air Products Co., 32 F.R.D. 211 (D.C.1963).

The plaintiff has here in its complaint set out sufficient facts which support a claim. Since Lloyds indicates in its brief that it has additional insurance information, it is now incumbent to come forward with it by way of an answer. The Superior Court of Pennsylvania in Kyle v. McCarron et al., 201 Pa.Super. 403, at page 407, 192 A.2d 253 at page 255 (1963), speaking through Judge Woodside, when required to determine the character of insurance coverage, said:

> "The whole policy, including the endorsements, must be considered in determining the liability of the insurance company, and the risk the policy was issued to cover."

The same is true in this case and I paraphrase the words of Judge Woodside for the application of that principle in these words: Since the defendant raises the question of the purpose for which the policies were written as between Lloyds and Turner, each of the policies must be submitted in their entireties and each must be considered in determining the liability of Lloyds and the risks and the character of insurance the policies were issued to cover. But this cannot be done by the medium of a brief. There is neither process nor substance by which the Court may grant the defendant's motion.

For all of these reasons the motion of Lloyds to dismiss the complaint will be refused and it will be required to file its answer.