Arlie SPRY, William J. Ice and William
E. Zirkle, Plaintiffs,

v.

EASTERN GAS & FUEL ASSOCIATES,
Defendant and Third-Party Plaintiff,

v.

MIDWEST RALEIGH, INC., a corpora-
tion, and Interstate Engineers and Con-
structors, Inc., a corporation, Third-
Party Defendants.

Civ. A. No. 63–508.

United States District Court
W. D. Pennsylvania.

Sept. 29, 1964.

McArdle, Harrington, Feeney & Mc-Laughlin, Pittsburgh, Pa., for plaintiffs.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant and third-party plaintiff.

Howard Hilner, Pittsburgh, Pa., for third-party defendants.

ROSENBERG, District Judge.

This is here on motion of a third-party defendant to quash service and dismiss a third-party complaint against it for failure of jurisdiction in the court over the person of the third-party defendant.

The facts so far as they concern this motion are simple. The plaintiffs, who are employees of Interstate Engineers and Constructors, Inc., a third-party defendant, were dismantling an old cleaning plant of Eastern Gas & Fuel Associates' Grant Town Mine in Marion County, West Virginia. An explosion occurred which, it is claimed, inflicted severe and possibly permanent injuries upon the plaintiffs.

The plaintiffs maintain that the explosive gases were negligently permitted to accumulate in the abandoned coal hoisting shaft which was under the control of the defendant, and that this caused the explosion and subsequent damages to the plaintiffs.

In the third-party complaint, the defendant as the third-party plaintiff charges Midwest Raleigh, Inc., and Interstate Engineers and Constructors, Inc., as being liable to the plaintiffs or jointly liable with the original defendant for the damages claimed by the plaintiffs. The third-party plaintiff charges that the third-party defendants were in control of the premises referred to in the plaintiffs' complaint, and that it was their negligence which was the sole proximate cause of the plaintiffs' injuries.

Actually, there are three other actions before this court upon which similar motions have been filed as in this case, and these additional actions are entered in this court at Civil Action Nos. 63,509, 63,510 and 63,511. The plaintiffs in each of these actions are different but the defendants and additional defendants are the same. Each of the complaints were filed on June 21, 1963 and each of the third-party complaints were filed on April 13, 1964. The third-party defendants have not filed answers to any of the complaints against them.

The third-party defendants have filed their motions to quash and dismiss the third-party plaintiff's complaints, because they assert that the mailing by the United States Marshal of service of the third party complaints to their business offices in West Virginia and to the Secretary of the Commonwealth in Harrisburg, although received by them in the mail, was a denial to the third-party defendants of due process of law under the Constitution of the United States, and that therefore there is no jurisdiction over the persons of the third-party defendants in this court.

In support of this contention, the third-party defendants state in their motions that the third-party defendants were incorporated under the laws of the State of West Virginia and have their legal residences within the State of West

Virginia; that the third-party defendants are not registered to do business in Pennsylvania, and that they have not done and are not doing business in the Commonwealth of Pennsylvania.

The motions first of all present one question of fact. The third-party complaints state that each of the defendants is a West Virginia corporation doing business in Pittsburgh, Allegheny County, Pennsylvania. The third-party defendants in their motions state that they are not doing business in Pennsylvania. However, at the argument and in their briefs, the third-party defendants have conceded that they were doing business in Pennsylvania, and therefore I consider this contention abandoned by the third-party defendants.

■■■■ Service of the original complaints in Civil Action Nos. 63,508, 63,-509 and 63,510 were made pursuant to Pennsylvania law as is provided in the Business Corporation Law, § 1011, subd. B.[1] The parties agree that under the law, prior to August 13, 1963, in order for service to be effective two factual circumstances must exist. The foreign corporation must have done business in Pennsylvania, and the act or omission to act upon which the suit is based must have occurred in Pennsylvania. Hilton v. W. T. Grant Co., 212 F.Supp. 126 (D.C. 1962). Since the mine explosion upon which all of these actions are based occurred in West Virginia, proper service upon the third-party defendants in Pennsylvania could not have been obtained under this Act. However, the Pennsylvania Business Corporation Law was amended on August 13, 1963.[2] The amending Act eliminated the words "out of acts or omissions", and altered the factual circumstances so as to eliminate the site of the cause of action. It requires only that the foreign corporations do business in the state to make it liable for service through the Secretary of the Commonwealth. The word "arising" in the amending Act now has the meaning that the action and not the cause of action start or be started in courts existing within the Commonwealth.

If, as it is asserted in these actions, the defendant had a right over, whether by contribution or indemnification against the third parties, it could pursue its remedies by separate actions against the third parties in the State courts of Pennsylvania, these rights of actions would depend upon what the law of the State of Pennsylvania was as of the time of the filing of such suits, and service would be authorized by the amending Act.

■■■■ Our Federal Rules of Civil Procedure contemplate consolidation of such cases where it is required that third-party defendants be brought in or joined as additional parties in actions which eventually flow from a determination of an existing cause of action between the plaintiffs and the defendants. Kravas v. Great Atlantic & Pacific Tea Co., 28 F. Supp. 66 (D.C.1939); Williams v. Skibs A/S Hilda Knudsen, 28 F.R.D. 398 (D.C. 1960); Davies v. Dotson, 198 F.Supp. 612 (D.C.1961).

■■■■ A subsequent or secondary action by the defendant to recover a loss sustained by a judgment suffered by it for contribution or indemnification from a third party in a state court would depend

1. 15 P.S. § 2852–1011, subd. B:
  "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process *in any action arising out of acts or omissions* of such corporation within this Commonwealth." (Emphasis supplied)

2. 15 P.S. § 2852–1011, subd. B, as amended:
  "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth."

upon what the law of the State of Pennsylvania was as of the date the secondary or independent suit was filed or commenced. As of August 13, 1963 and subsequent thereto, the Pennsylvania Business Corporation Law, as amended, would govern in that action.

Since the amending Act contains no reference to "any action arising out of acts or omissions of such corporation within this Commonwealth", the plaintiffs in the secondary action have no burden of showing the cause of action dependent upon an act or omission which occurred in Pennsylvania. The plaintiff in a Pennsylvania court would be required to show only that it was a defendant in a previous action, that it suffered a judgment, that the additional party, the defendant in the secondary action, was in effect liable or responsible for that judgment, and that the former defendant was entitled to recover from the additional party.

In diversity actions, a district court simply administers the laws of the state. Giuliano v. Alitalia Airlines, Inc., 218 F.Supp. 78, 79. Where, then, parties have a right to come before a district court on the basis of diversity of citizenship, service of process will be in accordance with that existing in the state court under the circumstances. This is authorized by Federal Rule of Civil Procedure 4(d) (7).[3]

Since the third-party plaintiff's actions were filed against the third-party defendants on August 13, 1964, it would be in accord with the amending law for service upon foreign corporations which failed to file certificates with the Secretary of the Commonwealth of Pennsylvania. The motions of the third-party defendants to quash service and dismiss the third-party complaints will be denied.

3. Federal Rule of Civil Procedure 4(d) (7):
   "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by

any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."