**STERLING BOX COMPANY, a Pennsylvania Corporation, Plaintiff,**

**v.**

**MORNINGSTAR–PAISLEY, INC., a Delaware Corporation, Defendant.**

Civ. A. 64–140.

United States District Court
W. D. Pennsylvania.

Sept. 29, 1964.

A. Morris Ginsburg, Pittsburgh, Pa., for plaintiff.

Elmer G. Klaber, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

This action is here on a Motion to Dismiss. The motion asserts that there is no jurisdiction in this court because the defendant is not and was not doing business in Pennylvania within the meaning of the Pennsylvania Business Corporation Law, Act of 1933, P.L. 364, Section 1011, Paragraph B, and that any business transactions with the plaintiff were within the provisions of the Commerce Clause of the Federal Constitution. Therefore, it contends, service of process upon the defendant is invalid under the law of Pennsylvania.

The plaintiff in this case filed its complaint alleging that it is a Pennsylvania corporation having its principal office and place of business at Jeannette, Pennsylvania, and as such is a citizen of the Commonwealth of Pennsylvania; that Morningstar-Paisley, Inc., is a corporation organized under the laws of the State of Delaware, having its principal place of business at 630 West 51st Street, New York City, New York; that the defendant was doing business in Pennsylvania without having procured a certificate from the Department of State of the Commonwealth of Pennsylvania; that the defendant had entered into the Commonwealth of Pennsylvania for the doing of a series of acts similar to the ones upon which the claim is here made; that these acts consisted of selling its products and realizing pecuniary benefits within the Commonwealth of Pennsylvania; that the plaintiff is and was engaged in the business of manufacturing and selling paper boxes for which the use of adhesive is an indispensable part; that at all times relating to the transactions upon which the plaintiff's claim is made, the defendant had a duly authorized salesman as its agent and that his activities were supervised and controlled by the defendant's sales supervisor in Chicago; that on May 1, 1961, the sales supervisor on behalf of the defendant wrote a letter to the plaintiff stating that the defendant's adhesive "is a clean machining, strong bonding product" and that "it is considered ready for use as received"; that on or about June 7th, the plaintiff made a production test run of what was supposed to have been the defendant's adhesive at the plaintiff's plant in Pennsylvania, but that the defendant substituted the adhesive product of another manufacturer for this test run in fraud of the rights of the plaintiff; that on June 21st, the defendant's sales supervisor wrote the defendant advising him that the adhesive tape in question could be used for cellophane and acetate, and that the tape meets plaintiff's Staude Gladiator Window Machine adhesive requirements; that in reliance upon these assurances and warranties of the defendant as well as the implied warranty in law that the defendant's adhesive was fit for the plaintiff's particular purpose, the plaintiff purchased the defendant's adhesive product; but that after the plaintiff used the defendant's adhesive product, it was ascertained that the adhesive lost its adhesive quality in cold weather, so that the windows became detached from the boxes, causing the plaintiff the damages of which it complains.

The plaintiff now demands damages in the sum of $11,605.35 because of what it contends was a breach of the defendant's warranties and assurances. In order for the plaintiff to procure service upon the defendant as a now registered foreign corporation doing business in the Commonwealth of Pennsylvania, the plaintiff petitioned this court for an authorization to have service made upon the defendant through the Secretary of the Commonwealth as authorized by the Act of 1933, P.L. 364, § 1011, B, as amended.[1] An

---

1. 15 P.S. § 2852–1011, subd. B:

"Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certicate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of · the Commonwealth as its true

order was so made and service of process was afterwards made by the United States Marshal for the Western District of Pennsylvania.

In support of its contentions, the defendant supplied facts by averments in its Motion to Dismiss not supported by affidavit to the effect that the defendant is not actively engaged in conducting business in Pennsylvania, nor was it so engaged at the time upon which the plaintiff's claim of action is filed; that it is a foreign corporation; that is has no manufacturing or processing plant or warehouse in Pennsylvania; that the adhesive product complained of was manufactured in the State of Illinois and shipped directly to the plaintiff in Jeannette, Pennsylvania; that there was no contract, express or implied; and that the defendant's local solicitor had no authority to bind the defendant.

█ In the complaint as filed by the plaintiff, there are ample averments of fact which can support production of evidence at the trial, if such becomes an issue and is so raised by an answer as filed by the defendant. All that the plaintiff is required to do is to give sufficient notice to the defendant of the claim upon which he proposes to proceed at the trial of the case. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Mitchell v. Duquesne Brewing Company of Pittsburgh et al., D.C., 34 F.R.D. 145 (1963).

█ The defendant, in its motion, states that certain averments of fact as set forth in the complaint are erroneous or false as the case may be, and that defendant's local agent had no authority to bind it. Supporting the averments of its motion, the defendant, in its brief, made various statements which included the following at page 2:

"The defendant did have a solicitor, Philip Becker, who worked from his home. Becker had no authority to execute contracts for or to otherwise bind the defendant. Any orders obtained by Becker were sent to Chicago, and there approved and accepted by the defendant, or rejected. Shipments were made directly to the purchaser, usually from Chicago, occasionally from Cleveland."

█ This then is a factual issue upon which the plaintiff or the defendant may finally succeed. However, the denial of a fact in a motion or in a brief contrary to Federal Rule of Civil Procedure 8(b) [2] does not set up an issue upon which trials may proceed and answer is required under such circumstances where allowable affidavits in support of a motion to dismiss are not relied upon. Mellon National Bank et al. v. Nationwide Mutual Insurance Company et al., D.C., 32 F.R. D. 365 (1963); Baltimore & Ohio Railroad Company v. American Fidelity & Casualty Company, Inc. et al., D.C., 34 F.R.D. 148 (1963).

---

and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth."

2. F.R.Civ.P. 8:

"(b) Defenses; Form of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but, when he does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial subject to the obligations set forth in Rule 11."

The defendant, so assuming the resolution of the factual issue in its favor, relies upon certain words in § 1011, subd. B of the 1933 Act as entitling it to a dismissal of this action.

The Pennsylvania Act of 1933 formerly provided that where a foreign corporation did not procure a certificate of authority from the Department of State that the Secretary of the Commonwealth be conclusively presumed as the designated recipient of service on behalf of such foreign corporation of any process "in any action arising out of acts or omissions of such corporation within this Commonwealth". The defendant then cites as its authority the decision of the Pennsylvania Supreme Court in Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961). Reference is made to dicta by Justice Jones as follows:

> "Section 1011, subd. B clearly sets forth two jurisdictional requirements which must be satisfied before a non-registered foreign corporation may be validly served with process through the Secretary of the Commonwealth: (1) the corporation must have 'done business' in the Commonwealth as that phrase is defined in Section 1011, subd. C and (2) the action must arise out of the 'acts or omissions' of the corporation within the Commonwealth."

The conclusion is then made that an action could arise only out of acts or omissions of a corporation within the Commonwealth and "where a corporation has 'done business' in Pennsylvania within the meaning of Section 1011, subdivision C." However, it now appears that this is no longer the law for the Pennsylvania Business Corporation Law was amended on August 13, 1962.

"The word 'arising' in the amending Act now has the meaning that the action and not the cause of action start or be started in courts existing within the Commonwealth." Spry et al. v. Eastern Gas & Fuel Associates v. Midwest-Raleigh, Inc. and Interstate Engineer and Constructors, Inc., D.C., 234 F.Supp. 580 (1964).

If the defendant desires to deny any of the averments in the complaint, it must do so by answer and proceed in accordance with our Federal Rules of Civil Procedure. Mellon National Bank et al., v. Nationwide Mutual Insurance Company et al., supra.

Accordingly, the defendant's motion to dismiss will be denied.