James R. HARTLEY, Libellant,

v.

SIOUX CITY AND NEW ORLEANS BARGE LINES, INC., Respondent.

Civ. A. No. 65–752.

United States District Court
W. D. Pennsylvania.

Oct. 29, 1965.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

Donald L. Very, Campbell, Thomas & Burke, Pittsburgh, Pa., for respondent.

JOHN L. MILLER, District Judge.

Plaintiff filed two actions arising out of the same accident aboard defendant's vessel, M V Waverly, on March 30, 1965. Civil Action No. 65–752 was brought under the Jones Act, 46 U.S.C. § 688, to recover damages for injuries resulting from defendant's negligence and the unseaworthiness of the vessel. Recovery for maintenance and cure and damages for failure to provide maintenance and cure is sought in the action at No. 65–37 in Admiralty. Now before the Court in both actions are motions to quash service of process and to dismiss for lack of personal jurisdiction and for improper venue.

In both actions, service of process was effected through the Secretary of the Commonwealth in accordance with the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011(B), as amended August 13, 1963.[1] That Act sets forth

---

1. "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to ac-

two jurisdictional requirements which must be satisfied before a non-registered, foreign corporation can be validly served thereunder: (1) the corporation must have "done business" in this Commonwealth as that phrase is defined in the Act and (2) the action must arise within this Commonwealth.

Nothing has been presented to contradict the allegations by plaintiff that defendant is a foreign corporation, with its principal office at Houston, Texas, which is doing business in Pennsylvania. Furthermore, it is alleged by plaintiff that the accident out of which these causes of action arose occurred aboard defendant's vessel while it was being operated on the Illinois River in the vicinity of Morris, Illinois. Thus the only question involved here with regard to service of process under the Pennsylvania Business Corporation Law is whether these are actions "arising within this Commonwealth."

■ Plaintiff contends that filing the actions in this Court is all that is required to satisfy the statute in this regard. It is his position that the word "arising" means that the action start or be started in courts existing within this Commonwealth. With this construction of the law, we can not agree.

Prior to August 13, 1963, the relevant portion of the Pennsylvania Business Corporation Law included the following wording: "Any foreign business corporation * * * shall be conclusively presumed to have designated the Secretary of the Commonwealth * * * to accept * * * service of process in any action arising *out of acts or omissions of such corporation* within this Commonwealth." The Supreme Court of Pennsylvania, interpreting this language as it applied to a situation in which a product manufactured and sold in Illinois to a New Jersey corporation caused injury to plaintiff in Pennsylvania, said, in Rufo v. Bastian-Blessing Co., 405 Pa. 12, 20, 173 A.2d 123, 127 (1961), "The question is not where the injury occurred or *where the cause of action arose;* where did the company's negligent acts or omissions take place?" (Emphasis supplied) The Court then went on to say (at page 20, 173 A.2d at page 127):

If the legislature mean (sic.) 'cause of action' or 'right of action', it could and would have so stated. Indeed, if the legislature meant 'cause of action' or 'right of action', it would have omitted the words 'out of acts or omissions of the corporation' and the provision would have read 'in any action arising within the Commonwealth.'

■ Responding to the Court's decision, the legislature amended the Pennsylvania Business Corporation Law in 1963, by adopting the language suggested by the Court: "in any action arising within this Commonwealth." It

cept, on its behalf, service of process in any action arising within this Commonwealth. On petition, alleging conduct of business within the Commonwealth by any corporation not qualified by the Secretary of the Commonwealth or having otherwise designated him as agent for the service of process, the court of the county in which the action is instituted shall authorize service to be made upon the Secretary of the Commonwealth. Service shall be made by the sheriff of such county, by transmitting to the Secretary of the Commonwealth, and to the defendant at his last known residence or place of business, by registered mail, return receipt requested, a copy of such process, together with a copy of the petition and order of the court, properly certified as such by

the prothonotary. The return receipt by the post office department shall be evidence of service under this act. Where process is issued against any such foreign business corporation by any court of the United States empowered to issue such process under the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process in the same manner as herein provided for process issued by courts of this Commonwealth. Nothing herein contained shall limit or affect the right to serve any process, notice or demand, required or permitted by law to be served upon a foreign corporation, in any other manner now or hereafter permitted by law."

is apparent that the legislature intended to state that the second requirement for service under the Act must be that the *cause of action* be one arising within the Commonwealth. It was so held in Electrosonics International, Inc. v. Wurlitzer Co., 234 F.Supp. 913 (E.D.Pa.1964). It is elementary that a cause of action does not arise upon the starting of an action in court; indeed the cause of action must have arisen at some time prior to the commencement of the action in court.

 Because this cause of action arose in Illinois where plaintiff was injured, these are not actions "arising within this Commonwealth" and the service upon the Secretary of the Commonwealth under the Pennsylvania Business Corporation Law must be quashed. We are not unmindful of the holdings on this issue by this Court in three other cases, in Spry v. Eastern Gas & Fuel Associates, 234 F.Supp. 580 (W.D.Pa. 1964) and Sterling Box Co. v. Morningstar-Paisley, Inc., 36 F.R.D. 96 (W.D. Pa.1964) and in an unreported memorandum order in Hopkins v. Sohio Petroleum Co. at Civil Action No. 65–240. The legislative history of this statute, however, convinces us that our present conclusion is the proper one. We are not required to follow a rule of law enunciated by a colleague in a different case. United States v. Mathies, 350 F.2d 963 (3 Cir., 1965).

 The complaint at Civil Action No. 65–752 must be dismissed for the further reason of improper venue under the Jones Act. That statute provides that "[j]urisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." For venue purposes, a corporation "resides" only where it is incorporated. Leith v. Oil Transport Co., 321 F.2d 591 (3 Cir. 1963). Because the complaint alleges that defendant is "incorporated in a state other than Pennsylvania, with its principal office at Houston, Texas," venue is improperly laid in this District.

 Likewise, in the action for maintenance and cure at No. 65–37 in Admiralty, venue is improperly laid in the Western District of Pennsylvania. "We recognize that admiralty has no special restrictive rules of venue applicable to libels *in personam.*" Leith v. Oil Transport Co., supra at 593. A "libel *in personam* may be maintained for any [maritime] cause * * * wherever a monition can be served upon the libelee, or an attachment made of any personal property or credits of his; * * *." In re Louisville Underwriters, 134 U.S. 488, 490, 10 S.Ct. 587, 588, 33 L.Ed. 991 (1890). "Only in the absence of any such prospect of obtaining personal jurisdiction or jurisdiction quasi in rem may dismissal of the libel be a proper exercise of discretion." Leith v. Oil Transport Co., supra, at 594. It has already been pointed out above that the service of process attempting to obtain personal jurisdiction of defendant is inadequate. No attachment of any *res* within this district has been made, nor has there been any showing that there is any prospect of such a procedure. For the foregoing reasons, defendant's motions to quash service of process and to dismiss the actions must be granted.

An appropriate order will be entered.