James R. **HARTLEY**, Appellant,

v.

**SIOUX CITY AND NEW ORLEANS BARGE LINES, INC.**

Nos. 15747, 15820.

United States Court of Appeals Third Circuit.

Argued June 6, 1966.

Decided Jan. 27, 1967.

As Amended July 31, 1967.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Donald L. Very, Pittsburgh, Pa. (Campbell, Thomas & Burke, Pittsburgh, Pa., Harold R. DeMoss, Jr., Bracewell, Reynolds & Patterson, Houston, Tex., on the brief), for appellee.

Before BIGGS, HASTIE and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

Hartley, a seaman, sued his employer, Sioux City and New Orleans Barge Lines, Inc., to recover damages for personal injuries allegedly suffered in the course of his employment. The accident occurred aboard the M.V. Waverly, owned and operated by Sioux City, on the Illinois River in the neighborhood of Morris, Illinois. There are two separate suits before us for review. Jurisdiction in one was asserted under the Jones Act, 46 U.S. C.A. § 688. The complaint alleges negligence on the part of Sioux City. Hartley also filed a libel in admiralty alleging the unseaworthiness of the Waverly, and seeks damages and maintenance and cure. The appeal from the Jones action is at our No. 15747 and the appeal from the admiralty judgment is at our No. 15820. For the opinion of the court below see 247 F.Supp. 1015 (1965).

According to the complaint, Sioux City was "incorporated in a state other than Pennsylvania with its principal office at Houston, Texas, and is doing business in Pennsylvania." These allegations were not denied and therefore are admitted. Substituted service of process was made upon the Secretary of the Commonwealth of Pennsylvania pursuant to 15 P.S. Section 2011(B). The court below granted motions to quash and dismiss on the grounds that the substituted service was invalid since the actions did not arise within Pennsylvania and that the venue was incorrectly laid in Pennsylvania under the Jones Act in that Sioux City was not incorporated in Pennsylvania. The appeals at bar followed.

The last point, i. e., that venue was incorrectly laid in Pennsylvania under the Jones Act, is disposed of by Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct.

1394, 16 L.Ed.2d 474 (1966).[1] We are concerned, therefore, only with the first point, the legal adequacy of the substituted service made upon the Secretary of the Commonwealth in both suits.

We direct our attention to the manner in which service of process was made on Sioux City, a foreign corporation, which, although admittedly doing business in Pennsylvania, was not registered with the Secretary of the Commonwealth. To determine whether or not the service of process was adequate, we must determine the standard against which its adequacy is to be measured. Sioux City contends that Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C., provides the standard for service in accordance with state procedures and that the service here was deficient because not in accordance with Pennsylvania law. We will refer to this point later. Hartley, on the other hand, contends that Rule 4 (d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C., provides a federal standard which should govern service in the cases at bar. Rule 4(d) (3), 28 U.S.C., provides for service "[u]pon a * * * foreign corporation * * * by delivering a copy of the summons and of the complaint to * * * agent authorized by appointment or by law to receive service of process * * *."

■■ Comparatively recent decisions have held that federal courts considering questions arising under the Constitution of the United States or federal statutes properly may exercise jurisdiction limited only by the due process clause of the Fifth Amendment. Even where the procedure for exercising that jurisdic-

tion is prescribed by state law, these courts need not be bound by restrictions found in the state law. See, e. g., Lone Star Package Car Company v. Baltimore & Ohio Railway Company, 212 F.2d 147 (5 Cir. 1954); Goldberg v. Mutual Readers League, Inc., 195 F.Supp. 778 (E.D. Pa.1961). See also Green, Federal Jurisdiction in Personam of Corporations and Due Process, 14 Vand.L.Rev. 967 (1961). But in the cited cases, the manner of serving process was provided for both by federal rule and by state law. It was possible, therefore, to use Rule 4(d) (3) to the exclusion of any procedures under state statutes, and to disregard their limitations. In the instant cases, however, this principle is not applicable. Rule 4(d) (3) applies only to the manner of personal service of process, i. e., the method by which process is served on an agent who is within the jurisdictional reach of a federal court. The record does not demonstrate whether or not Sioux City had an agent in Pennsylvania. It does not show that any agent of Sioux City was served. It is obvious that although a federal court may have a foreign corporation within its territorial jurisdiction, the court may not have procedure available under the Federal Rules of Civil Procedure to bring the corporation into court. Where no agent is served in fact a federal court must look to the state statutory procedure. A federal court is authorized to do this under Rule 4(d) (7). It follows that the adequacy of service of process must be determined by that rule.[2]

We refer to the Pennsylvania statutory law which now provides, 15 P.S. Section

---

1. We point out that the decision of the Supreme Court in Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966) had not yet been handed down at the time of the decision by the court below in the instant case.

2. We note the anomaly presented when a federal court, deciding a federal question, looks to the State statutory procedure under Rule 4(d) (7). The jurisdiction of the federal court in deciding a federal question must vary from State to State. Uniformity of decision must be dispensed

with to some degree. Federal courts therefore are necessarily dependent on the liberality or conservatism of the laws or rules of court of the State in which they sit. Thus, a plaintiff asserting a federal cause of action may be denied his day in a federal court because of the failure of the State in which the court sits to have exercised the power permissible to it under the Federal Constitution to enact laws or rules of court in aid of service. We need not resolve this anomaly in the cases at bar.

# 357

2011(B), "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within the Commonwealth."

Two questions of law are presented. To have served Sioux City validly it is necessary that the corporation (1) was doing business within the State, and (2) that the action was one "arising within * * * [the] Commonwealth." Sioux City admits that it has "done business in Pennsylvania". Our consideration, therefore, is limited to whether or not the cases at bar are actions "arising within this Commonwealth" within the meaning of the statute.

Ambiguity haunts the legislative history of the Pennsylvania rule. In 1963 Section 2011(B) was amended to allow substituted service of process "in any action arising within this Commonwealth".[3] Prior to this amendment, the section read "in any action arising out of acts or omissions * * * within this Commonwealth."[4] As was commented, "[T]he change in language in 1963 without clear legislative history creates a patent ambiguity." Goodrich-Amram, Pennsylvania Procedural Rules Service 64–65 (Supp.1966). The division in judicial interpretations reflects this ambiguity.

The United States District Courts for the Eastern and Western Districts of Pennsylvania take different views as to how the phrase quoted should be interpreted. Judge Rosenberg and Chief Judge Gourley of the Western District of Pennsylvania expressed the view that if the action be commenced in Pennsylvania the provisions of the statute are satis-

3. The statute reads in pertinent part as follows: "Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. On petition, alleging conduct of business within the Commonwealth by any corporation not qualified by the Secretary of the Commonwealth or having otherwise designated him as agent for the service of process, the court of the county in which the action is instituted shall authorize service to be made upon the Secretary of the Commonwealth. Service shall be made by the sheriff of such county, by transmitting to the Secretary of the Commonwealth, and to the defendant at his last known residence or place of business * * * a copy of such process * * *."

Subsection C reads as follows: "For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' "

4. Subsection B of the statute in pertinent part prior to the 1963 amendment read as follows: "B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth."

Subsection C provided: "For the purposes of this act, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business'." Act of August 19, 1953, P.L. 1119, 1127, repealed July 11, 1957, P.L. 711, Section 1.

fied.[5] On the other hand, Judge Van Dusen of the Eastern District of Pennsylvania concluded that the cause of action must arise within the Commonwealth; i. e., that the operative facts giving rise to the cause of action must have taken place within Pennsylvania.[6]

Before the 1963 amendment, this court decided Florio v. Powder Power Tool Corporation, 248 F.2d 367 (3rd Cir. 1957). We held that where a Pennsylvania distributor had entered into a contract with an Oregon corporation for the sale of powder power tools and had done acts within the Commonwealth sufficient to constitute "doing business," that these "acts" satisfied the statutory requirement that the "action [be one] arising out of acts * * * within this Commonwealth," within the purview of 15 P.S. Section 2011(B) (as it existed prior to the 1963 amendment) providing for service on foreign corporations by serving the Secretary of the Commonwealth. We took the position that the purpose of the statute militated against a narrow construction. Our decision was handed down in September 1957. It was declared erroneous by the Supreme Court of Pennsylvania in Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123, in July 1961. The Supreme Court of Pennsylvania held that it was necessary to establish that the cause of action itself arose out of acts or omissions of the foreign corporation within Pennsylvania in order that valid service could be made on the Secretary of the Commonwealth.

The court below relied on Rufo in granting Sioux City's motions to quash the service of process, to quash the marshal's return of service, and to dismiss the suits. The court laid emphasis on those portions of Rufo which read: "The question is not where the injury occurred or where the cause of action arose; where did the company's negligent acts or omissions take place?", and "If the legislature mean [sic] 'cause of action' or 'right of action', it could and would have so stated. Indeed, if the legislature meant 'right of action' or 'cause of action', it would have omitted the words 'out of acts or omissions of the corporation' and the provision would have read 'in any action arising within the Commonwealth.' " [7]

To put the matter briefly, the Pennsylvania Legislature, responding to the ruling of the Supreme Court of Pennsylvania and the language just quoted, amended the Pennsylvania Business Corporation Law in 1963 by adopting the very words suggested by the Court: " * * * in any action arising within this Commonwealth". The court below held that this addition clearly indicated that the cause of action must be one arising from events occurring within Pennsylvania.

Hartley strenuously contends that the word "action" refers to any proceeding in any court of this Commonwealth, citing the Pennsylvania Statutory Construction Act, 46 P.S. § 601(101). Subsection (101) of the Act provides only that the word " 'State' [when used in the Act] when used in reference to the different parts of the United States, includes the District of Columbia and the several territories of the United States." Subsection (1) defines " 'Action', [as] any proceeding in any court of this Commonwealth." We are unable to perceive how these definitions can aid the appellant. Hartley also refers to other authorities,

---

5. See Judge Rosenberg's decisions in Spry v. Eastern Gas & Fuel Associates, D.C., 234 F.Supp. 580 (1964) and Sterling Box Company v. Morningstar-Paisley, Inc., D.C., 36 F.R.D. 96 (1964).

Chief Judge Gourley expressed his views in an unreported opinion in Hopkins, Administratrix v. Sohio Petroleum Company and Hopkins, Administratrix v. Ray Towing Co., Inc., filed at C.A. No. 65–240 and C.A. No. 65–241 in the United States District Court for the Western District of Pennsylvania (1965).

6. See Electrosonics International, Inc. v. Wurlitzer Company, 234 F.Supp. 913 (E.D.Pa.1964).

7. 405 Pa. at 20, 173 A.2d at 127.

set out below, none of which helps to resolve the issue in his favor.[8]

Sioux City cites the legislative history of the 1963 amendment and shows that the Senate bill as drafted contained the phrase "in any action" and that this phrase was specifically amended by the House of Representatives to read "in any action arising within this Commonwealth."[9]

The Goodrich-Amram, Pennsylvania Procedural Rules Service, 1966 Supplement, articulates the dilemma caused by the ambiguity of the statute, as follows: "It is not easy to follow the argument that an 'action' can 'arise' in Pennsylvania merely because the plaintiff elects to sue in Pennsylvania. If this is all the Section means, the inclusion of the clause has no real meaning. The Section would mean the same with these words omitted. It is equally difficult to follow the argument that 'any action arising' means the same thing as 'any action brought' in Pennsylvania. However, the change in the language in 1963 without clear legislative history creates a patent ambigu-

ity."[10] We concur in the reasoning of the Goodrich-Amram Supplement. And if the issue had been presented to us de novo in these cases we would conclude that Hartley's position could not be sustained, for one does not naturally speak of *a cause of action arising* when a suit is filed. Indeed, it seems obvious that a cause of action must have arisen before a suit can be filed validly.

The conclusion expressed by the court below, 247 F.Supp. at 1018, both as to the dismissal of the libel for damages and maintenance and cure and the Jones Act action does not take into consideration sufficiently the fact that on the pleading it is admitted that Sioux City does business within the Western District of Pennsylvania. Hartley may be able to proceed with his admiralty and Jones Act actions by attaching property of Sioux City in that District. See Brown v. C. D. Mallory & Co., 122 F.2d 98, 103 (3 Cir. 1941). He should be given an opportunity to effect such an attachment. Cf. Leith v. Oil Transport Company, 231 F.2d 591 (3 Cir. 1963), and Valkenburg,

8. The appellant cites Words & Phrases without specific citations; C.J.S., Vol. 6, at 334. He quotes from Cook v. Nellis, 18 N.Y. 126, 127 (1858); 6 N.Y.S. 400 (1858), as follows: "No distinction can be stated between 'cases arising in a Justices' Court, and 'actions originally commenced' in that court. The provisions are in pari materia, having settled the construction of one of them, it should be followed in the others." But here we are concerned not with cases arising in a specific court but in a specific geographical region. He also cites Romero v. International Terminal Company, 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d 368 (1959), a Jones Act case, in which the Supreme Court construes Section 1331 of Title 28, U.S.C. and points out that the jurisdiction of a Federal District Court, sitting as a court of law "was invoked under the provisions of the Judiciary Act of 1875 which granted jurisdiction to the lower federal courts 'of all suits of a civil nature at common law or in equity, * * * arising under the Constitution or laws of the United States * * *.' (now 28 U.S.C. § 1331)." But none of the foregoing seems to us to aid Hartley's position.

9. The appellee correctly states the legislative history of the 1963 amendment to

Section 1011(B) as follows: "The legislative history of the 1963 amendment to § 1011(B) also sustains the interpretation of Judge Miller. This history can be found in History of Senate Bills, Commonwealth of Pennsylvania, Session of 1963, First Issue, The 147th Regular Session of the Assembly Convened January 1, 1963, Adjourned, August 1, 1963. The proposed amendment to section 1011 was introduced in the Senate on March 4, 1963. It was referred to the Corporations Committee without debate. On June 24, 1963, the proposed amendment passed the Senate. It was then referred to the House Judiciary Committee on June 25, 1963, where the proposal was amended. The House reprint of the Senate Bill, identified as Printers No. 1020, indicates that the proposed amendment introduced in the Senate read 'in any action.' This was amended in the House to read 'in any action arising within this Commonwealth.' The Senate concurred in the House amendment on August 1, 1963, and the Act was approved by the Governor on August 13, 1963."

10. 3 Goodrich-Amram, Pennsylvania Procedural Rules Service at 64–65 (Supp. 1966).

K–G, v. The S. S. Henry Denny, 295 F.2d 330, 335–336 (7 Cir. 1961).

The court below will be directed to allow Hartley a period of time in which to attach property of Sioux City, if any such can be found within the jurisdiction of the court below. The length of the period in which Hartley may attempt to effect an attachment is to be determined by the court below, and concerning its extent we presently express no opinion.

The decision of the court below quashing the service of process will be affirmed. The case will be remanded and the court below will be directed to proceed in accordance with this opinion.