Nettie **WHITE** and James White, Jr., her husband

v.

**SEABOARD COAST LINE RAILROAD CO.**

Civ. A. No. 69–1513.

United States District Court
E. D. Pennsylvania.

Dec. 4, 1969.

Harvey Bartle, III, Dechert, Price & Rhoads, Philadelphia, Pa., for defendants.

Norman Shigon, Philadelphia, Pa., for plaintiff.

## OPINION AND ORDER

HANNUM, District Judge.

This is a motion by the defendant, Seaboard Coast Line Railroad Co. (hereinafter Seaboard), under Fed.R.Civ.P. 12(b) to dismiss this action, or in the alternative, to quash service of process for lack of jurisdiction over the person or improper service on the ground that the cause of action did not arise in Pennsylvania.

Plaintiffs have filed this diversity action alleging that the wife-plaintiff, Nettie White, was injured in a train collision while riding as a passenger on a Seaboard train near Colonial Heights, Virginia.

It is the contention of the defendant that this court lacks jurisdiction over its person on the ground that under governing Pennsylvania law the defendant would not be amenable to service of process since the cause of action did not arise in Pennsylvania.

The question presented is whether the defendant would be subject to personal jurisdiction under the law of Pennsylvania.

Seaboard has conceded, for the purpose of this argument, that it is doing business in Pennsylvania. Service was effected, in this case, upon Mr. Frank J. Lopresti, who by his own affidavit is admittedly employed by Seaboard as its District Manager of Passenger Sales and is in charge of its Philadelphia office.

The defendant, however, contends that the applicable law governing this situation is contained in 15 P.S. § 2011, subd. B[1]. Since this manner of service was not effected in this case, the Court is of the opinion that § 2011B is not applicable. In this case the question does not involve the validity of substituted service upon the Secretary of the Commonwealth, but rather the validity of the personal service obtained upon a

---

1. That Section is entitled "Service of Process upon the Secretary of the Commonwealth."

managing agent of a non-registered foreign corporation admittedly doing business in Pennsylvania.

■ While the language of § 2011, subd. B is jurisdictional in nature, it is merely an alternative method of obtaining personal jurisdiction over the defendant by substituted service upon the Secretary of the Commonwealth.

■ Pennsylvania has basically provided two alternative methods of obtaining personal jurisdiction over a non-registered foreign corporation. One method is by substituted service upon the Secretary of the Commonwealth under § 2011B. Under this method Pennsylvania requires not only that the foreign corporation be doing business in Pennsylvania but also that the cause of action arise in Pennsylvania. Hartley v. Sioux City and New Orleans Barge Lines, Inc., 379 F.2d 354 (3d Cir. 1967).

■ An alternative method of effecting valid service of process upon a foreign corporation and thereby obtaining personal jurisdiction over it, is under Pa.R.Civ.P. 2180(a) (2), 12 P.S. Appendix. Here it is necessary, in addition to the jurisdictional requirement of doing business, that service be made upon (a) an agent or person who, for the time being, is in charge of (b) an office or usual place of business of the corporation. Service made under this Rule is not rendered valid unless there is strict compliance with its requirements. Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 189, 240 A.2d 505 (1967).

■ Since the defendant, Seaboard, is admittedly doing business in Pennsylvania and service of process was made upon a managing agent of its Philadelphia office, the Court holds that under appropriate Pennsylvania law, such service was valid and that this Court has jurisdiction over the person of the defendant.

Were the jurisdictional requirements in a case such as this as rigid as defendant contends, there would be little need in Pennsylvania for conflicts of laws principles since the cause of action would always be required to arise in Pennsylvania.

## ORDER

And now, this 4th day of December, 1969, it is hereby ordered that defendant's motion to dismiss under Fed.R. Civ.P. 12(b) is denied.