**Worthy SIDERS, Sr., Appellant,**

v.

**UPPER MISSISSIPPI TOWING CORPORATION.**

**No. 18070.**

United States Court of Appeals, Third Circuit.

Argued Feb. 5, 1970.

Decided March 30, 1970.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Ira R. Hill, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (Samuel M. Jackson, Pittsburgh, Pa., on the brief), for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant, a resident of Ohio, was injured while working as a seaman on a barge owned by appellee, a Minnesota

corporation. The injury occurred while the barge was navigating the Mississippi River in the state of Missouri. Appellant filed a complaint in federal court in the Western District of Pennsylvania claiming damages for negligence under the Jones Act, 46 U.S.C.A. § 688, for unseaworthiness under the maritime law, and for maintenance and cure.

Attempting to establish *in personam* jurisdiction over appellee by invoking provisions of the Pennsylvania long-arm statute,[1] appellant insisted that appellee's purchase of certain barges built in the western district was sufficient to meet the "doing business" requirement of the statute. In addition, he issued foreign attachments summoning as garnishees the Marine Office of America, a liability insurance carrier, and the Union Barge Line Corporation. Union Barge admitted a liability to the appellee in a fixed sum. Appellee attacked the service of process under the long-arm statute and sought dismissal of the attachments.

The district court dismissed the complaint, characterizing the service of process as "insufficient" because appellant failed to prove that his cause of action arose from events occurring within Pennsylvania. In Hartley v. Sioux City & New Orleans Barge Lines, Inc., 379 F.2d 354 (3 Cir. 1967), we had held such occurrence necessary to the operation of the long-arm statute. The court below did not reach the question of "doing business", and, in its Memorandum and Dismissal Order, made no reference to the attachment proceedings.

We reverse and remand because the district court erred in its application of the latest pronouncement by the Pennsylvania Supreme Court interpreting that state's long-arm statute.

Prior to a 1963 amendment, section 2011(B) authorized "service of process in any action arising *out of actions or omissions of such corporation* within this Commonwealth." (Emphasis supplied.) In Florio v. Powder Power Tool Corp., 248 F.2d 367 (3 Cir. 1957), we were called upon to construe the statute in its pre-1963 form at a time when the state appellate courts had not yet interpreted it, and there we held that it did not require the commission of specific tortious acts within the state. Shortly thereafter, however, we were told by the Pennsylvania Supreme Court in Rufo v. Bastian-Blessing Co., 405 Pa. 123, 173 A.2d 123 (1961), that we had predicted incorrectly, the court insisting that the acts had to be committed within the state. The 1963 amendment removed the troublesome language, and in *Hartley* we were called upon to interpret the effect of this amendment, at a time when the Pennsylvania Supreme Court had not yet considered the matter. Because an interpretation of state service of process procedure was

---

1. In Pennsylvania, the provisions for service on a corporation are contained in the Act of 1953, P.L. 364, and amendments, 15 Purdon's Stat.Ann. § 2011:

   (B) Any foreign business corporation which shall have done any business in this Commonwealth * * * shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. * * *
   (C) For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute "doing business."
   (D) For the purpose of determining jurisdiction of courts within this Commonwealth, the entry of any foreign business corporation into this Commonwealth, for the purpose of inspecting, appraising and acquiring real estate and mortgages, and other liens thereon, and personal property and security interests therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise, or for the purpose of collecting debts and enforcing mortgages and rights in property securing the same shall not constitute "doing business."

before us, it was necessary to look to state precedents for direction.[2] Relying on the strong philosophy of *Rufo*, this court interpreted "action arising" to mean that some activity had to occur within Pennsylvania in order to make the long-arm statute effective.

■ We were to learn in Myers v. Mooney Aircraft, 429 Pa. 177, 240 A.2d 505 (1968), that again we had made a wrong prediction. The Pennsylvania Supreme Court held that the 1963 amendment eliminated the necessity for any act to take place or omission to occur in the state. The court said that it is necessary only that the "action arise" in Pennsylvania and that the foreign corporation have "done business" in the state.[3]

■ Accordingly, we hold that this action must be controlled by the Pennsylvania Supreme Court's holding in *Myers* and not by our decision in *Hartley*. We remand the case to the district court for a resolution of the question whether appellee was "doing business" in Pennsylvania. It will also be neces-

sary for the court to make appropriate disposition of the objections to the foreign attachments.

The judgment of the district court will be vacated and the case remanded for proceedings consistent with the directions heretofore set forth.

---

2. In *Hartley* we noted "the anomaly presented when a federal court, deciding a federal question looks to the State statutory procedure under Rule 4(d) (7)." As Judge Biggs observed:

   The jurisdiction of the federal court in deciding a federal question must vary from State to State. Uniformity of decision must be dispensed with to some degree. Federal courts therefore are necessarily dependent on the liberality or conservatism of the laws or rules of court of the State in which they sit. Thus, a plaintiff asserting a federal cause of action may be denied his day in a federal court because of the failure of the State in which the court sits to have exercised the power permissible to it under the Federal Constitution to enact laws or rules of court in aid of service. We need not resolve this anomaly in the cases at bar.

   379 F.2d at 356 n. 2.

3. In *Myers* the court said that prior to the amendment "there were two jurisdictional requirements: (1) the foreign corporation must have 'done business' in Pennsylvania and (2) the action must have arisen out of 'acts or omissions' of

the corporation in Pennsylvania. The 1963 amendment eliminated the second requirement and provides only that the 'action arise' in Pennsylvania." *Id.* at 508 n. 5.

Although a specific interpretation of "action arise" is not included in the *Myers* opinion, it apparently means nothing more than that the cause of action is filed in Pennsylvania. The *Myers* record supports this conclusion since it contains no indication of any acts or omissions in Pennsylvania other than the filing of suit in Lancaster County.

Goodrich-Amram, the authoritative work on Pennsylvania practice, reports that the "*Myers* case resolved the ambiguity in § 2011(B) by stating categorically that the 1963 amendment eliminated the requirement that the action must arise out of 'acts or omissions' of the corporation in Pennsylvania. All that is now required is that the corporation be 'doing business' in order to be subject to suit and service." Goodrich-Amram, Procedural Rules Service 61 (1969 Supp.). See Note, Jurisdiction Over Foreign Corporations in Pennsylvania: A Time for Change, 31 Pitt.L. Rev. 81 (1969).