GLEN KNIT INDUSTRIES, LTD.

v.

E. F. TIMME & SON, INC.

Civ. A. No. 74–1181.

United States District Court,
E. D. Pennsylvania.

Nov. 12, 1974.

Roger F. Cox, Blank, Rome, Klaus & Comisky, Philadelphia Pa., for plaintiff.

Edward C. Mengel, Jr., Richard M. Jordan, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

HIGGINBOTHAM, District Judge.

This is a diversity action for alleged breach of a contract by which defendant, E. F. Timme & Son, Inc., undertook to dye certain knit goods for plaintiff, Glen Knit Industries, Ltd. Defendant has moved this Court pursuant to Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure to dismiss this action for lack of personal jurisdiction over defendant, or in the alternative, to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) (1970). For reasons that will hereinafter appear, I have concluded that both of defendant's motions must be denied.

### The Motion To Dismiss

Defendant initially challenges plaintiff's jurisdictional allegations, arguing that this Court cannot assume jurisdiction over a nonqualified foreign corporation under the Pennsylvania long-arm statute, 42 P.S. § 8301 et seq., unless (1) the cause of action on which plaintiff sues arose with the Commonwealth of Pennsylvania, and (2) the defendant corporation has "done business" within the Commonwealth.[1] Defendant does not deny that from time to time it has made shipments to persons located in Pennsylvania. (Defendant's Reply Memorandum, Doc. #6, Affidavit of Edward Brown.) Hence, for the purposes of the long-arm statute, it has "done business" within the Commonwealth.[2] But defendant does contend that, because this cause of action did not arise within the Commonwealth of Pennsylvania,[3] defendant is not subject to the jurisdiction of this Court.

■ I find this argument without merit. The phrase, "any action arising within this Commonwealth," as used in 42 P.S. § 8302, has not yet been specifically interpreted by the Supreme Court of Pennsylvania, but a prior statute where identical language was used [4] has been construed by the Court of Appeals for the Third Circuit in Siders v. Upper Mississippi Towing Corporation, 423 F.2d 535 (3d Cir. 1970), in light of the decision of the Pennsylvania Supreme Court in Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967). The phrase "means nothing more than that the cause of action is filed in Pennsylvania." Siders, supra, 423 F.2d at 537 n. 3. That construction is binding on this Court.[5]

■ Defendant's claim that due process requires the cause of action to arise out of defendant's transaction of busi-

---

1. In relevant part, the statute reads as follows:

"§ 8302. Nonqualified foreign corporations.

"(a) General rule.—Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth."

2. 42 P.S. § 8309 provides, in pertinent part, that:

"(a) General rule.—Any of the following shall constitute 'doing business' for the purposes of this chapter:

"(3) The shipping of merchandise directly or indirectly into or through this Commonwealth."

3. The allegedly breached contract was negotiated in New York City. The allegedly defective dyeing took place at defendant's plant in Cape May, New Jersey.

4. The present 42 P.S. § 8301 et seq. replaced the Act of 1953, P.L. 364, as amended, 15 P.S. § 2011.

5. Defendant's reliance on Keene v. Multicore Solders, Ltd., 379 F.Supp. 1279 (E.D.Pa. 1974), is misplaced. The focus of Judge Luongo's inquiry was the "doing business" requirement of Pennsylvania's long-arm statute. He touched on the "action arising" requirement only in passing.

ness within the state must also fail. The sole authority presented in support of that claim is a cryptic footnote in a recent Sixth Circuit case, In-Flight Devices Corporation v. Van Dusen Air, Inc., 466 F.2d 220, 228 n. 15 (6th Cir. 1972). The footnote relied upon does not state the law as I understand it and, in any event, is not binding upon District Courts within this Circuit.

Accordingly, this Court may properly assume jurisdiction over this action, even though the cause of action itself did not arise within the Commonwealth of Pennsylvania. Defendant's motion to dismiss must therefore be denied.

### The Motion For Transfer

In the alternative, defendant urges this Court to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) (1970). I am not persuaded by defendant's arguments.

 It is axiomatic that "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice '. . . should not be lightly disturbed.'" Shutte v. Armco Steel Corporation, 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, . . . and '. . . unless the balance of convenience of the parties is *strongly* in favor of the defendant, the plaintiff's choice of forum should prevail.'" *Id.* (Emphasis in original.) See also Weinberger v. Retail Credit Co., 345 F.Supp. 165 (E.D.Pa.1972); Rogosion v. Gulf Oil Corp., 337 F.Supp. 1230 (E.D.Pa.1972).

In the instant case, I do not find that the balance of convenience tips *strongly* in favor of the defendant. Plaintiff's executive offices and two of plaintiff's key witnesses are located in Allentown, within the Eastern District of Pennsylvania. (Plaintiff's Memorandum, Doc. #4, Exhibit A, Affidavit of William Liss.) Defendant's plant, where the alleged defective dyeing was done, is located in Cape May, New Jersey, a town which is clearly closer to Philadelphia than to New York City. Finally, because New York City itself is within 100 miles of the United States Court House in Philadelphia, all witnesses and documents which may be located there are amenable to process under Rule 45(e) of the Federal Rules of Civil Procedure.

The purpose of 28 U.S.C. § 1404(a) is to prevent the waste of "time, energy and money." Continental Grain Company v. The FBL–585, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). In my judgment, that purpose would not be effectuated by a transfer of this action to the Southern District of New York. Defendant's motion for a transfer of venue must be denied.