**FLORIDA TEAM TENNIS, INC.,**
**Plaintiff,**

v.

**WORLD TEAM TENNIS, INC.,**
**Defendant.**

**Civ. A. No. 75–812.**

United States District Court,
W. D. Pennsylvania.

Oct. 9, 1975.

Myron Markel, Pittsburgh, Pa., for plaintiff.

Frank Clements, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is a diversity suit between a Pennsylvania corporation having its principal place of business in Florida, and a California corporation presently maintaining it principal office in the State of California. The defendant is not registered to do business in Pennsylvania and service on the defendant was made under the provisions of the Pennsylvania "Long-Arm" Statute, 42 P.S. 8302 and 8307.

The defendant moves to dismiss this complaint for lack of in personam jurisdiction for the reason that it is not and was not doing business in the Commonwealth of Pennsylvania at any time material to the cause of action averred in the complaint.

Both parties have submitted affidavits in support of their position on the question of jurisdiction.

Defendant, World Team Tennis, Inc., is a corporation organized under the law of California and now maintains offices in Newport Beach, California. It is the governing body of the World Team Tennis League and grants franchises to teams and arranges and conducts tennis matches between franchised member teams of the League. It derives its income from assessments upon individual member teams who are granted franchises to participate in League tennis matches, and from a percentage of the gate receipts of such matches. During the years 1973 and 1974, which is the period of time material to the cause of action stated here, two franchisees of the League were located in Pennsylvania, the Pittsburgh Triangles and the Philadelphia Freedoms, and the defendant received its share of gate receipts from matches played in Pennsylvania by these two teams. During part of 1974 defendant maintained an office in Pittsburgh, Pennsylvania. It was listed in the Pittsburgh telephone directory from September 1974 through April 1975. Frank Fuhrer, one of the affiants here, a resident of Pittsburgh, Pennsylvania, was president of the defendant corporation and T. Richard Butera of Philadelphia, Pennsylvania, was Vice-President of defendant corporation from August 30, 1974 through November 25, 1974. The Board of Directors of World Team Tennis, Inc. met in Philadelphia, Pa., in January 1974 and Pittsburgh, Pennsylvania, in March 1975. The affidavits of Fuhrer and Larry King, the present acting president of defendant corporation, state that all corporate activities of defendant in Pennsylvania had ceased by November 25, 1974.

The plaintiff is a corporation chartered by the law of Pennsylvania and during 1973 and 1974 operated a tennis team in Florida under a franchise from the defendant. Plaintiff's president avers that during the time that his corporation had a franchise from the defendant League he conducted business with the League and the defendant corporation, both from Florida and Pittsburgh, Pennsylvania. The plaintiff maintained a bank account in Pittsburgh, Pennsylvania, which was the source of some of the funds of the loan in question.

The loan in question was authorized by the Board of Directors of defendant corporation by resolution of December 7, 1973, which resolution authorized the borrowing of money from franchisees operating teams in defendant's tennis league to make up a deficit in operating funds received by assessments on individual teams. Neither the pleadings nor the supporting affidavits reveal the exact date of the loan or the form of any documents evidencing the loan.

■ Under all of the circumstances revealed by the affidavits of the parties we are convinced that the statutory and constitutional jurisdictional requirements for the exercise of personal jurisdiction over this defendant are met. The Pennsylvania law defining "non-qualified foreign corporations" subject to service of process from Pennsylvania is as follows:

"(a) General *rule*.—Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by the statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth." 42 P.S. § 8302.

■ The phrase "any action arising within this Commonwealth" means "nothing more than that the cause of action is filed in Pennsylvania". *Glenn Knit Industries Ltd. v. E. F. Timme & Son, Inc.*, 384 F.Supp. 1176 [E.D.Pa. 1974]. See also *Siders v. Upper Mississippi Towing Corp.*, 423 F.2d 535 [3rd Cir. 1970]; and *Myers v. Mooney Aircraft Company, Inc.*, 429 Pa. 177, 240 A.2d 505 [1967].

■ The simple requirements of the Pennsylvania statute have received a gloss of judicial interpretation to the extent that each case must be decided on an *ad hoc* basis. The Pennsylvania Superior Court has interpreted its statute in *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 [1974] as requiring examination under a three-fold guide line; (1) the defendant corporation must have purposely availed itself of the privilege of acting within the Commonwealth thus invoking benefits and protections of its laws; (2) the cause of action must arise from the defendant's activities within the Commonwealth; and (3) the acts of the corporation must have a substantial enough connection with the Commonwealth to make the exercise of jurisdiction over it reasonable.

Using these guidelines it is apparent that the cause of action arises from activities conducted in the State of Pennsylvania, as well as activities elsewhere. The defendant corporation controlled, managed, directed and sponsored tennis matches between its member teams, two of which were located in Pennsylvania. It participated in the gate receipts of matches played by these teams in Pennsylvania. Its income was derived from assessments on member teams, including those in Pennsylvania. The loan in question arose by reason of the necessity of defendant to secure financing for its further operations including the scheduling of further tennis matches between members of its league, including those in Pennsylvania. The loan in question was made from one of its franchisees which was a Pennsylvania corporation and part of the funds for this loan came from a Pennsylvania bank account. Thus, we conclude that a substantial factor in the cause of action in question was the business activities conducted by the defendant in Pennsylvania.

During the year 1974 while the loan was outstanding defendant corporation maintained an office in Pennsylvania, its President and Vice-President were residents of Pennsylvania, it was listed in the Pennsylvania telephone directory, and league franchise tennis matches were conducted in Pennsylvania. Therefore, we find the first guideline of *Proctor & Schwartz* to be satisfied.

"When obligations entered into by a foreign corporation have a realistic economic impact on the commerce of this Commonwealth and where the defendant should reasonably have foreseen that the transaction would have consequences in this Commonwealth the defendant has purposefully availed itself of the privilege of acting within the Commonwealth. *See Southern Mach. Co. v. Mohasco Indus. Inc.*, supra [401 F.2d 734, 6th Cir.

1968]; *cf.* Royce and Mason, *Non-Resident Jurisdiction in Business Litigation,* 53 Chi.B.R. 100 (1971)." 228 Pa.Super. 12, 20, 323 A.2d 11, 15. The third guideline of *Proctor & Schwartz* is:

"Will the exercise of jurisdiction in this particular case be fair and reasonable under the circumstances?" 228 Pa.Super. 20, 323 A.2d 16.

It appears to us that the facts revealed by the evidentiary material supplied here satisfies this requirement. The defendant has conducted and is conducting professional tennis matches in various states under its franchises and under its supervision and direction. During the period material here, two of these franchises were exercised in Pennsylvania. The defendant depended upon the assessments against these franchise holders and upon its percentage of the gate receipts of each match to continue its operations. Its continued operations involved the continued program of tennis matches between these franchise teams in Pennsylvania as well as in other states. We, therefore, find that this guideline is satisfied.

As was stated in *Proctor & Schwartz,* supra.:

"Pennsylvania's recently enacted 'long-arm' statute is expressly intended to extend the jurisdiction of the courts of this Commonwealth to the fullest extent permitted by the Fourteenth Amendment. The pertinent section is § 8309(b) which reads as follows: '(b) Exercise of full constitutional power over foreign corporation.—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States.'"

We do not find that the defendant has raised any due process or constitutional objection to this exercise of the long-arm statute but relies upon arguments as to whether or not all or the statutory requirements as judicially interpreted have been fully met. We find that they have.

## ORDER

And now this *9th day of October, 1975,* it is ordered that the motion to dismiss for lack of in personam jurisdiction of defendant be and is hereby DENIED.