**DAMON COATS, INC.**

v.

**MUNSINGWEAR, INC.**

Civ. A. No. 76–2700.

United States District Court, E. D. Pennsylvania.

April 20, 1977.

David N. Bressler, Philadelphia, Pa., for plaintiff.

P. M. Hammett, P. S. Greenberg, Philadelphia, Pa., for defendant.

OPINION AND ORDER

TROUTMAN, District Judge.

This is a diversity action in which plaintiff Damon Coats, Inc. (Damon) seeks damages for an alleged breach of sales contracts by defendant Munsingwear, Inc. (Munsingwear). Damon is incorporated in New York with its principal place of business in New Jersey. Munsingwear is incorporated in ·Delaware with its principal place of business in Minnesota, and the .amount in controversy exceeds $10,000.00. Jurisdiction is based upon 28 U.S.C. § 1332.

Munsingwear has moved to dismiss for lack of jurisdiction of the person, improper venue and insufficient service of process, pursuant to F.R.C.P. 12(2), (3) and (5).

### JURISDICTION OF THE PERSON

In determining whether this Court has jurisdiction of Munsingwear's person we apply Pennsylvania law. *Gorso v. Bell Equipment Corporation,* 476 F.2d 1216 (3d Cir. 1973). The applicable statute is 42 Pa.C.S.A. § 8302, which deals with nonqualified foreign corporations: [1]

"§ 8302. *Nonqualified foreign corporations*

"(a) *General rule.*—Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. Service of process shall be made in the manner provided by section 8307 of this title (relating to procedure for service of process)."

To find jurisdiction of the person, we must determine that Munsingwear has "done business" in the Commonwealth. "Doing business" is defined in 42 Pa.C.S.A. § 8309:

"§ 8309. *Acts affecting jurisdiction*

"(a) *General rule.*—Any of the following shall constitute 'doing business' for the purposes of this chapter:

"(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

"(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

"(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

"(5) The ownership, use or possession of any real property situate within this Commonwealth."

Munsingwear contends that it does very scant business in Pennsylvania, having several salesmen in the Commonwealth who solicit orders but cannot make contracts binding on Munsingwear. It argues that the present cause of action concerns garments manufactured in New Jersey for shipment to Minnesota. The cause of action in no way arose in Pennsylvania and is unrelated to Munsingwear's activities in Pennsylvania.

In this regard, *Myers v. Mooney Aircraft, Inc.,* 429 Pa. 177, 181, n. 5, 240 A.2d 505 (1967) held that it is only necessary that "the 'action arise' in Pennsylvania". The Third Circuit has held this language to mean "nothing more than that the cause of action is filed in Pennsylvania". *Siders v. Upper Mississippi Towing Corporation,* 423 F.2d 535, 537, n. 3 (3d Cir. 1970). This case has been consistently followed [2] with one possible exception [3]. As Judge Fullam stat-

1. If Munsingwear were qualified to do business in Pennsylvania, Section 8301 would render it amenable to service of process and subject to personal jurisdiction without the requirement of "doing business".

2. See *Copperweld Steel Company v. Demag-Mannesmann-Boehler,* 54 F.R.D. 539 (W.D.Pa. 1972); *Boeing Company v. Spar Aerospace Products LTD.,* 380 F.Supp. 101 (E.D.Pa.1974); *Glen Knit Industries, LTD. v. E. F. Timme & Son, Inc.,* 384 F.Supp. 1176 (E.D.Pa.1974). For cases applying the *Siders* rule to the current 1972 jurisdiction amendments, see *Florida Team Tennis, Inc. v. World Team Tennis, Inc.,* 401 F.Supp. 117 (W.D.Pa.1975); *Crucible, Inc.*

*v. Stora Kopparbergs Bergslags AB,* 403 F.Supp. 9 (W.D.Pa.1975); *Drysdale v. Florida Team Tennis, Inc.,* 410 F.Supp. 843 (W.D.Pa. 1976); *Arnstein v. Manufacturing Chemists Association, Inc.,* 414 F.Supp. 12 (E.D.Pa.1976).

See also *Somportex Limited v. Philadelphia Chewing Gum Corporation,* 453 F.2d 435, 437, n. 1 (3d Cir. 1971) which reaffirmed the *Siders* rule, noting "Pennsylvania decisional law has generously interpreted its long-arm statute".

3. In *Inpaco, Inc. v. McDonald's Corporation,* 413 F.Supp. 415 (E.D.Pa.1976) Judge Ditter, after ruling that the cause of action in that case had arisen from activities in Pennsylvania, stated by dictum in a footnote:

ed in *Arnstein v. Manufacturing Chemists Association, Inc.,* 414 F.Supp. 12, 14 (E.D. Pa.1976), "While this interpretation has not been universally acclaimed * * * it is controlling in this case."

This action having been filed in Pennsylvania, Munsingwear is subject to personal jurisdiction in Pennsylvania if it has done business in the Commonwealth. Munsingwear admits that its garments are sold in many stores "including certain stores located within the Commonwealth of Pennsylvania". (Affidavit of W. James Winspear, p. 2, ¶ 2.) This conduct involves shipping garments into the Commonwealth in a manner consistent with 42 Pa.C.S.A. § 8309(a)(3) which declares that "the shipping of merchandise directly or indirectly into or through this Commonwealth" is "doing business" to an extent sufficient to give rise to *in personam* jurisdiction.

In *Glen Knit Industries, LTD. v. E. F. Timme & Son, Inc.,* 384 F.Supp. 1176 (E.D. Pa.1974) the Court held that:

" * * * Defendant does not deny that from time to time it has made shipments to persons located in Pennsylvania * * Hence, for the purposes of the long-arm statute, it has 'done business' within the Commonwealth." *Id.* at 1177.

*Crucible, Inc. v. Stora Kopparbergs Bergslags AB,* 403 F.Supp. 9 (W.D.Pa.1975) held that shipment of goods into Pennsylvania by defendant's wholly-owned subsidiary constituted "doing business" under 42 Pa.C. S.A. § 8309(a)(3). The Court noted that goods were shipped into the Commonwealth with the defendant's knowledge and guidance. Under such circumstances, the Court reasoned, if personal jurisdiction were not found to exist, a foreign corporation could market its products in the Commonwealth,

profit from so doing and yet remain immune from suit in the Pennsylvania courts.

In *Columbia Metal Culvert Co., Inc. v. Kaiser Industries Corp.,* 526 F.2d 724 (3d Cir. 1975), defendant directed a codefendant to ship merchandise to a construction site in Pennsylvania. This, the Third Circuit said, constituted "shipping of merchandise * * indirectly" within the purview of the statute.

Defendant relies on *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974). That case issued the following guidelines in determining whether or not a defendant has established sufficient "minimum contracts" to render it subject to an *in personam* judgment:

" * * * First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws * * * Secondly, the cause of action must arise from defendant's activities within the forum state. * * * Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable." *Id.* at 19, 323 A.2d at 15.

The Court expanded the second requirement as follows:

"The second analytical step requires only that the cause of action arise from the defendant's activities within the forum state. The mere fact that the defendant availed itself of the privilege of doing business in Pennsylvania will not support a cause of action which is unrelated to the defendant's activities in the state." *Id.* at 20, 323 A.2d at 15.

" * * * this construction of § 8302 is overly broad because there may be occasions when a foreign corporation's contacts with the forum are so minimal that it can constitutionally be held amenable to suit there only on causes of action that arise directly out of its forum-related activities. In view of § 8309(b), I believe that, rather than attempting any hard and fast definition of the 'action arising' requirement of § 8302, it is more appropriate to recognize that the due process

clause envisions a flexible standard with regard to the nexus which must exist between forum-related activity and the cause of action in which jurisdiction is sought to be secured. As the foreign corporation's contacts with the forum increase, the need for a close relationship between those contacts and the cause of action is lessened." *Id.* at 419, n. 4. While we agree that Judge Ditter's logic as expressed in *Inpaco,* we conclude that we are bound by *Siders.*

This case seems to contradict *Myers v. Mooney, supra,* but is actually distinguishable. In *Myers,* the defendant was represented by a sales agent in Pennsylvania and advertised its distributors under defendant's name. In *Proctor,* the defendant had no agents, representatives or employees in Pennsylvania; had no employees, officers or other individuals representing defendant in Pennsylvania for business purposes; and had no business contacts in Pennsylvania other than the matter sued upon. Under those circumstances, 42 Pa.C. S.A. § 8309(a), which lists specific examples of "doing business" in Pennsylvania, does not apply, and reference to the catchall provisions of 42 Pa.C.S.A. § 8309(b) is required:

> "(b) *Exercise of full constitutional power over foreign corporations.*—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States."

Thus, the combined effect of *Myers* and *Proctor* is that a plaintiff who cannot rely on one of the five specific areas of "doing business" under Section 8309(a) must rely on the general provisions of Section 8309(b) and must sue on some matter relating to defendant's activities in the Commonwealth to establish jurisdiction over defendant's person.[4] Here, Munsingwear has engaged in shipment of goods and Section 8309(a) is satisfied. Thus, according to the *Myers* and *Siders* cases, it is not necessary that the cause of action relate to Munsingwear's activities within the Commonwealth.

The case of *Bork v. Mills,* 458 Pa. 228, 329 A.2d 247 (1974) is also of no help to Munsingwear. That case held that a plaintiff has to show that defendant's activities within Pennsylvania were continuous and substantial if the plaintiff's cause of action

is not related to defendant's activity in Pennsylvania. In the case at bar, Munsingwear satisfies that test; clearly its shipment of garments into Pennsylvania has been substantial and continuous, not sporadic or isolated.

Munsingwear also contends that if the Pennsylvania statute does confer personal jurisdiction under these circumstances then it violates the Due Process Clause of the Constitution. However, the Supreme Court, in the case of *International Shoe Company v. Washington,* 326 U.S. 310, 318, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945) said "there have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." The *Bork* case noted that when a cause of action is not related to defendant's activities in the Commonwealth a single shipment of goods does not suffice to justify suit against it in Pennsylvania. However, Munsingwear's shipment of goods into Pennsylvania have been ongoing and continuous, and the *Bork* test is met in the instant case.

Accordingly, Munsingwear's motion to dismiss for lack of jurisdiction over the person will be denied.

## VENUE

Venue is governed by 28 U.S.C. § 1391, which reads:

"§ 1391. Venue generally.

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

\*　　\*　　\*　　\*　　\*　　\*

"(c) A corporation may be sued in any judicial district in which it is incorporated

---

4. It could be argued that *Proctor* is irreconcilable with *Myers,* or at least with the *Siders* rule modifying *Myers.* If this view is held, then *Proctor* overrules *Siders* because federal courts are bound by state court interpretations of state law, and *Proctor* was the final word on that issue (allocatur was refused). Whether *Siders* has been so overruled is for the Circuit Court to decide.

or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Neither Damon nor Munsingwear are incorporated or licensed to do business in Pennsylvania, and the cause of action concerns garments manufactured in New Jersey to be shipped to Minnesota. Venue is only proper if it exists under the terms of subsection (c). Venue is only proper, therefore, if Munsingwear does business in Pennsylvania.

Venue is determined by federal law. In *Fox-Keller, Inc. v. Toyota Motor Sales, U. S. A., Inc.,* 338 F.Supp. 812, 816 (E.D.Pa. 1972), the Court said, "While it is true that in a diversity case the federal courts must apply applicable state law as to jurisdiction, proper venue is a question of federal law." There is a split of authority, however, as to whether "doing business" to a degree sufficient for jurisdiction purposes satisfies venue requirements.

The rule established in *Remington Rand, Inc. v. Knapp-Monarch Co.,* 139 F.Supp. 613 (E.D.Pa.1956) is:

"* * * In determining how much activity within a district a foreign corporation must engage before such activity will constitute 'doing business' for purposes of federal venue, the basic consideration is whether a license would be required of the foreign corporation as a condition precedent to carrying on that activity. * * *" *Id.* at 617.

The Court then went on to say:

"* * * [N]ot only must the activity be of such a nature as to localize the business and make it an operation within the district but, quantitatively, such activity must be more than the minimum amount of activity needed to meet a constitutional due process objection where a question of amenability of a foreign corporation to service of process is raised. * * *" *Id.* at 618.

Applying the *Remington Rand* rule, the Court in *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation,* 291 F.Supp. 252 (E.D.Pa.1968)

observed that whether a license or certificate is required by the state to enter into an activity is a basic consideration in determining proper venue.

15 P.S. § 2001 determines when a certificate is required by a corporation to engage in Pennsylvania and when it is not. It reads in part:

"A. A foreign business corporation, before doing any business in this Commonwealth, shall procure a certificate of authority to do so from the Department of State, in the manner hereinafter provided in this article. A foreign business corporation shall not be denied a certificate of authority by reason of the fact that the laws of the state or country governing its incorporation and internal affairs differ from the laws of this Commonwealth, and nothing in this act contained shall be construed to authorize this Commonwealth to regulate the incorporation or the internal affairs of such corporation.

"B. Without excluding other activities which may not constitute doing business in this Commonwealth, a foreign business corporation shall not be considered to be doing business in this Commonwealth for the purposes of this section and of sections 1012 and 1014 of this act, but not necessarily for the purposes of taxation or of section 1011 of this act concerning service of process, by reason of carrying on in this Commonwealth any one or more of the following activities:

\* \* \* \* \* \*

"(9) Transacting any business in interstate or foreign commerce."

According to Winspear's affidavit, the business in which Munsingwear was engaged was a portion of its general interstate commerce. The activity was not localized to the Eastern District of Pennsylvania or even to the Commonwealth. All of the salesmen who operate in the Eastern District also operate in other states. Thus, the activity of these salesmen is not "doing business" for purposes of general venue statute. Venue is, therefore, not proper in this District.

The motion to dismiss for improper venue will accordingly be granted.

## SERVICE OF PROCESS

42 Pa.C.S.A. § 8302(a) governs service of process over a foreign corporation:

"§ 8302. *Nonqualified foreign corporations*

"(a) *General rule.*—Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, services of process in any action arising within this Commonwealth. Service of process shall be made in the manner provided by section 8307 of this title (relating to procedure for service of process)."

The question is: has Munsingwear done business in Pennsylvania without procuring a certificate?

Munsingwear attempts to place a limitation on this language by implication. It argues that the statute only applies to corporations which engage in business in the Commonwealth without procuring a certificate in violation of the law, i. e., corporations which ought to procure a certificate to engage in the activity in which they engage but do not do so. Munsingwear argues further that it is exempt from the certificate requirement regarding its instate business by 15 P.S. § 2001B(9) cited above. Therefore, it concludes that 42 Pa.C.S.A. § 8302(a) does not apply to Munsingwear's instate activities and that service of process on the Department of State is improper.

We do not read the statute as including the limitation. 1 Pa.C.S.A. § 1903 of the Statutory Construction Act reads as follows:

"(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a pecu-liar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

"(b) General words shall be construed to take their meanings and be restricted by preceding particular words."

Reading the language of 42 Pa.C.S.A. § 8302(a) according to its common and approved usage, we find reference to corporations that engage in business without a certificate of authority. There is no reference to corporations acting in violation of law; if such a limitation had been intended, appropriate language could have been used. Clearly, Section 8302(a) refers to corporations that do not have certificates. Thus, as to all such corporations, service on the Department of State is proper.

Therefore, we hold that service of process on the Department of State was proper as to Munsingwear and the motion to dismiss for improper service of process will be denied.

## CONCLUSION

Damon's right to sue Munsingwear depends upon whether Munsingwear has been doing business in Pennsylvania. For purposes of personal jurisdiction and amenability to service of process, state law is used to define "doing business"; venue is governed by federal law. Munsingwear's activities in Pennsylvania were sufficient to satisfy the state definition of "doing business" but not the federal test. Therefore, Munsingwear's motion to dismiss for lack of jurisdiction of defendant's person and for improper service of process will be denied; the motion to dismiss for improper venue will be granted.