Marvin B. LEVINE, Marlene Levine and Marl E. Levine, Plaintiffs,

v.

ARNOLD TRANSIT CO. and Jim Smith, Defendants.

Susan L. PECK, Plaintiff,

v.

ARNOLD TRANSIT CO. et al., Defendants.

Nos. 78 C 800, 78 C 1716.

United States District Court, N. D. Illinois, E. D.

Oct. 11, 1978.

Joel J. Sprayregen, Roger L. Price and Donald A. Shapiro of Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for plaintiffs.

William A. Cain, Skokie, Ill., for Peck.

James J. Brown, St. Ignace, Mich., Minor K. Wilson, Bates, DePree, Bond & Wilson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

These are actions for personal injuries and damages to property allegedly caused by the collision of one vessel with another in the vicinity of Mackinac Island, Michigan. Jurisdiction is predicated on 28 U.S.C. § 1332, Diversity of Citizenship and 28 U.S.C. § 1333, Admiralty and Maritime. Defendants have filed motions to dismiss for lack of jurisdiction or to transfer to the Western District of Michigan for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, we deny defendants' motion to dismiss but grant their motion to transfer.

### I. JURISDICTION

■ Defendants' challenge to our jurisdiction would normally turn on whether any of the defendants transacted business or had contacts with plaintiffs in Illinois sufficient to confer jurisdiction on the courts of Illinois. In the instant case, however, the defendants have filed their answers to the complaint. Since the requirements of both admiralty and diversity jurisdiction have been satisfied, there is no question as to our subject matter jurisdiction. While there might have been some question as to our in personam jurisdiction over the defendants, that issue has been waived by their appearance and answer. Accordingly, defendants' motions to dismiss for want of jurisdiction are denied.

### II. TRANSFER

28 U.S.C. § 1404(a) provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The pleadings, briefs and supporting affidavits submitted by defendants in support of

the motion to transfer establish the following facts: the alleged accident occurred in the harbor of Mackinac Island, Michigan, which is within the Western District of Michigan, Northern Division; the defendants as well as numerous defense witnesses reside and are domiciled in the Western District of Michigan and are thus beyond the subpoena power of this Court; the U.S. Coast Guard Inspection Office which handled the investigation of the accident is located in Mackinac County which is in the Western District of Michigan; and finally, another case, allegedly arising out of the same accident has been filed in the Western District of Michigan, Northern Division. While the plaintiff in that action was a passenger on defendant Arnold's ferry, the Emerald Isle, these three cases could be consolidated for discovery, pretrial and even trial purposes.

Plaintiffs argue that their choice of forum is to prevail unless defendants can meet the heavy burden of demonstrating that plaintiffs' choice imposes a substantially greater inconvenience on defendants than transfer will impose on plaintiffs. *Glen Knit Inds., Ltd. v. E. F. Timme & Son, Inc.,* 384 F.Supp. 1176 (E.D.Pa.1974). That burden, plaintiffs assert, has not been met here because plaintiffs, their physician-witness and defendants' insurer's offices are located in Chicago and thus defendants will not be substantially more inconvenienced than plaintiffs if the case were to remain in Illinois.

We recognize that historically plaintiff's choice of forum has been considered a primary factor in the consideration of § 1404 (a) transfer motions, though adequate without explanation as to the reasons therefore. Plaintiffs obviously choose the forum they prefer, usually for its convenience and, on occasion, because they believe it will favor their type of action. Defendants customarily seek to transfer for the same reasons. Why, under § 1404(a), one side's preference should carry greater weight than the other's escapes us, particularly since it is impossible to determine how much weight is to be accorded plaintiff's choice given its variable treatment by the courts, *e. g.,*

plaintiff's choice of forum is of "paramount consideration," *B. J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1103 (E.D.Pa. 1977); "substantial consideration," *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir. 1966); "relevant consideration," *Ruskay v. Reed,* 225 F.Supp. 581, 582 (S.D.N.Y.1963); "minimal consideration," *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.,* 344 F.Supp. 1267, 1271 (S.D.N.Y. 1972).

In any event, we believe it is clear here that the balance of convenience of the parties and witnesses as well as the interests of justice require transfer of this case to the Western District of Michigan, Northern Division, where (1) the accident occurred, (2) the majority of the witnesses reside, (3) their presence at trial can be secured, (4) the Coast Guard Office which investigated the accident is located, and (5) another case arising out of the same episode is currently pending.

An appropriate order will enter.