Don W. CARLSON, Irwin Feinberg, Terry E. Sheldon, Robert J. De Monte, Wendell B. Barnes, Robert J. Blake, Fred H. Field, Albert H. Schaaf, and Douglas M. Temple as trustees of Consolidated Capital Income Trust,

v.

ALDEN EQUITIES, INC., Medical Tower Ltd. and Olive Street Investments, Inc.

Civ. A. No. 85–2989.

United States District Court, E.D. Pennsylvania.

Aug. 23, 1985.

Schnader, Harrison, Segal & Lewis by Jerome J. Shestack, David Smith, Joseph C. Crawford, Philadelphia, Pa., for plaintiffs.

Berger & Montague, P.C. by David Berger, Howard I. Langer, Warren D. Mulloy, Stephen D. Ramos, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This action arises out of a loan made by plaintiffs, trustees of Consolidated Capital Income Trust, to defendants, in consideration of a promissory note secured by a Mortgage, Assignment of Rents, and Security Agreement with the Defendants Alden Equities and Medical Tower Ltd. as mortgagor. This Agreement was later modified by a Restatement and Settlement Agreement into which these parties, as well as defendant Olive Street Investments, Inc., and other parties entered.

Plaintiff has brought this action to have judgments of mortgage foreclosure and of $9,474,301.92 (plus interest, costs, and fees) for allegedly overdue loan payments entered in its favor. Jurisdiction is founded on 28 U.S.C. § 1332. Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(3), claiming that defendant Olive Street Investments, Inc., does not reside in the Eastern District of Pennsylvania, and therefore that venue in this district is improper according to 28 U.S.C. § 1391(a). Plaintiffs have responded, and defendants have filed a reply.

### A. *The Legal Background*

28 U.S.C. § 1391(a) provides that:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Plaintiffs in this action reside in California. Second Amended Complaint. ¶ 1. Venue is thus proper under § 1391(a) only if all defendants reside in the Eastern District.

The gravamen of defendants' Motion is that one of the defendants, Olive Street Investments, Inc. ("Olive"), does not reside in the Eastern District.

When the defendant is a corporation, as is the case here, the court must look to 28 U.S.C. § 1391(c) to determine where a defendant resides for purposes of § 1391(a). Section 1391(c) provides that:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Plaintiffs acknowledge in their Second Amended Complaint, ¶ 4, that Olive is a corporation organized under the laws of Missouri; they also allege, however, that Olive has its principal place of business at 1601 Walnut Street, Philadelphia, Pennsylvania 19103. *Id.* According to plaintiffs, Olive may be considered a resident of the Eastern District because Olive "is doing business" in the Eastern District within the meaning of § 1391(c). Plaintiffs' Memorandum in Opposition to Defendants Motion to Dismiss, at 5–8. Defendants deny that Olive's activities in the Eastern District are substantial enough to qualify Olive as a resident in the Eastern District.

Before reviewing the nature and extent of Olive's business activities in the Eastern District, it is necessary first to resolve what standard to apply to those facts. In essence, content must be given to the phrase in § 1391(c) "is doing business." Defendants rely on Judge Troutman's construction of this phrase in *Damon Coats, Inc. v. Munsingwear, Inc.*, 431 F.Supp. 1303, 1308–10 (E.D.Pa.1977). In *Damon Coats*, the court began its analysis by noting that "Venue is determined by federal law." *Id.* at 1309. *See also* Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3803 at 10 (1976) ("Venue in transitory actions is wholly a matter of federal law and state venue provisions are inapplicable. This proposition is amply supported by a multitude of cases.") (footnote omitted). The court proceeded to note, however, that there was a "split of authority" as to whether " 'doing business' to a degree sufficient for jurisdiction purposes satisfies venue requirements." *Id.* The line of authority that the court then followed was first articulated in *Remington Rand, Inc. v. Knapp-Monarch Co.*, 139 F.Supp. 613 (E.D.Pa.1956), and later followed in *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation*, 291 F.Supp. 252 (E.D.Pa.1968). In this approach, the court looks not to federal law but to applicable state law to decide "whether a license or certificate is required by the state to enter into [those activities that form the basis for asserting venue]." *Damon Coats*, 431 F.Supp. at 1309. In Pennsylvania, the relevant state law may be found at Pa.Stat. Ann. tit. 15 § 2001. Review of this statute makes clear, in Judge Lord's words, that "more activity is needed to subject a defendant corporation to venue in a jurisdiction than would be needed to subject it to service of process there." *Philadelphia Housing Authority*, 291 F.Supp. at 257.

As Judge Troutman noted, this approach is not universally followed. 431 F.Supp. at 1309. Indeed, the approach seems to diverge significantly from its original premise, that venue is a question of federal law. As Professors Wright, Miller, and Cooper have written:

> There is no reason whatever to suppose that a federal statute apportioning business among the various federal courts is to be construed in the light of state law. Such a construction would lead to confusion and lack of uniformity in a statute that should have one meaning throughout the country and should not be dependent on the vagaries of state laws apportioning business among the courts of a single state.

*Federal Practice and Procedure: Jurisdiction* § 3803 at 12 (1976). The immediate subject of this criticism was Judge Lord's construction in *Philadelphia Housing Authority* of the phrase "in which the claim arose," a phrase which appears in § 1391(a) of the federal venue statute.

The Wright-Miller-Cooper critique is, however, equally applicable to like constructions of other phrases in § 1391, such as the § 1391(c) phrase "is doing business."[1]

Although in one case our Court of Appeals chose not to dispute the parties' agreement to use the same federal law for determining venue as for jurisdiction, *see Fraley v. Chesapeake & Ohio Ry. Co.*, 397 F.2d 1, 4 (3d Cir.1968), it has not yet ruled definitively on this issue. The Fifth Circuit has provided some guidance, however, which a number of courts, as well as Professors Wright, Miller, and Cooper, have found useful. In *Frazier v. Alabama Motor Club, Inc.*, 349 F.2d 456, 459 (5th Cir. 1965), Judge Smith stated that:

> There is no exact formula under which the question [whether a corporation is doing business in a district] can be decided. To reach the proper answer, consideration must be given to such relevant factors as the general character of the corporation, the nature and scope of its business operations, the extent of the authorized corporate activities conducted on its behalf within the forum district, the continuity of those activities, and its contacts within the district.

Another factor that one might properly consider is the basic purpose behind the venue provisions, which is that venue is "primarily a matter of convenience of litigants and witnesses." *Denver R.G.W.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 560, 87 S.Ct. 1746, 1748, 18 L.Ed.2d 954 (1967). With these factors in mind, then, I turn to an evaluation of the facts presented in this case.

B. *The Merits of Defendants' Motion*

Exhibit A of plaintiffs' Memorandum in Opposition to defendants' Motion to Dismiss is a certification of the Secretary of State of Missouri that Olive Street Invest-

ments, Inc., was incorporated under the laws of Missouri on January 24, 1983, but that Olive's charter was forfeited in November, 1984, for failure to pay franchise taxes, and that the forfeiture has not been rescinded as of July 2, 1985. Exhibit B is a notarized copy of the Registration Report of Olive Street Investments, Inc., filed in March, 1983 with the Secretary of State of Missouri. The Report shows that Allan Pullman is the President and sole Director of Olive, and that his address is 1601 Walnut Street, Philadelphia, Pennsylvania.

Plaintiffs have also supplied copies of two canceled checks, Exhibits 2 and 3, which were drawn on Olive's account with Fidelity Bank in Philadelphia. These checks were made out to Consolidated Capital Companies, and at least one appears to be part of the "February Payments of the Pullman Loans" to Consolidated Capital Companies. *See* Exhibit 1. Carolyn Usinger, to whom the letter accompanying the February payments was addressed, has filed an affidavit, Exhibit E, stating that she is a mortgage analyst employed by the Consolidated Capital Companies, and that all of her written and telephone correspondence about payments on Olive's promissory note has been with Mr. Pullman or his employees at 1601 Walnut Street. Two other employees of plaintiffs have filed affidavits making substantially the same claim with regard to their correspondence. *See* Exhibits C and D. Furthermore, the Restatement and Settlement Agreement into which the parties entered on November 5, 1984, provides that in the event of default, notice is to be given in writing either to Mr. Pullman at 1601 Walnut Street, Philadelphia, PA or to Mr. Pullman at an address in Alpine, New Jersey. Exhibit C to Second Amended Complaint, § 3.03(b).

---

**1.** Furthermore, given the relatively equal importance of establishing the propriety of personal jurisdiction as opposed to venue, both of which may be waived by defendant if not promptly asserted, it would be anomalous to apply a more rigorous test for claims of improper venue than for claims of lack of jurisdiction. Yet this is exactly the anomaly that reliance on the state venue provisions could often produce, and would produce in this case. *Cf.* Pa.Stat.Ann. tit. 15, § 2001 (Purdon 1965). It is not surprising, then, that many courts have applied the same minimum contacts test for venue as for jurisdiction. *See* cases cited in Wright, Miller, & Cooper, *supra*, at § 3811 n. 45.

Defendant Allan Pullman has filed an affidavit in support of Olive's claim that Olive is not doing business in Philadelphia. In the affidavit, Mr. Pullman states that virtually all of Olive's income is derived from a property at 915 Olive Street, St. Louis, Missouri, and that the Missouri office prepares the rent bills for that property and receives the rent payments. The affidavit concedes, however, that Olive maintains a bank account in Philadelphia, and states that "[t]hose of Olive's letters and communications with plaintiffs that eminated [sic] from Philadelphia were generally made in conjunction with negotiations involving other corporations and other properties, which corporations or properties were located in the Eastern District of Pennsylvania." Supplemental Affidavit of Allan Pullman, ¶ 11.

Defendants' argument that venue is improper in the Eastern District is not persuasive. The affidavits supplied by the parties demonstrate that a central, if not the principal, place of business of the President and sole Director of Olive is in Philadelphia, that at least one significant payment to plaintiffs has been made by Olive from its Philadelphia bank account, and that the correspondence between the parties has been between California and Philadelphia. The extent of Olive's contacts with Philadelphia and the continuing nature of those contacts establish that (1) Olive is doing business in the Eastern District of Pennsylvania within the meaning of 28 U.S.C. § 1391(c), and (2) litigation in the Eastern District will not impose an undue burden on Olive. Defendants' Motion to Dismiss must therefore be denied.[2]

---

**2.** Because I conclude that venue in this case is proper in the Eastern District under 28 U.S.C. § 1391(a), I need not discuss two other possible grounds disputed by the parties for finding venue in this district, (1) that the claim arose in this district, and (2) that this action may properly be characterized as one *in rem* subject to the venue provisions of 28 U.S.C. § 1655.